### OCEAN TOW BOAT COMPANY *v.* SHIP OPHELIA, CAPTAIN AND OWNERS.

Demand of payment of a check made in business hours, on the day succeeding that on which the check is dated, is a sufficient presentment.

Plaintiffs were directed to apply to the agents of defendants for payment. The agents gave plaintiffs a check which was dishonored. *Held :* That the defendants were not discharged.

APPEAL from the Sixth District Court of New Orleans, *Cotton, J.*
*Emmerson & Huntington,* for plaintiffs. *McKay,* for defendants and appellants.

LEA, J. This suit is brought to recover the amount of a bill for the towage of the defendants' vessel from the sea to the city of New Orleans. For answer, the defendants admit the debt, but aver that when called upon by the plaintiffs for payment, they gave them an order upon their agents, the consignees of the ship, for payment, and that said agents paid to the plaintiffs the amount of their claim for towage, and took their receipt therefor. It is impossible to de-fine the position of the defendants in clearer language than is found in the following quotation from their own answer: "and further answering, your respondents aver and say the truth is that for the payment of the claim of said plaintiffs, they gave an order to ————, the collecting agent of the Ocean Tow Boat Company, on the house of *Messrs. Jenkins, Williams & Co.,* and re-

ceived a receipt in full of all demands; that the said order was presented and duly paid by the said *Jenkins, Williams & Co.*, and a receipt for the said payment was taken by them."

As above stated, therefore, the defence is, that they (the defendants) referred the plaintiffs to their agents for the payment of their claim, and that said agents paid the debt, as shown by the plaintiffs' receipt.

The only payment made by their agents, (if payment it may be called,) was the giving of their own check for the amount upon *Matthews, Finley & Co.*, bankers, which, when presented in the due course of business transactions, (to wit: on the morning of the ensuing day,) was dishonored; of which due notice was immediately and on the same day given to the agents who drew the check.

Now, if the taking of a bad check from the agents of the defendants, amounts to a payment of the debt, the defendants are discharged, but not otherwise; for it is not pretended that payment has been made in any other manner. A reference to authorities will scarcely be deemed requisite to show that a demand of payment made in business hours on the day succeeding that on which a check is drawn, is a sufficient presentment. ·It is urged, however, that by giving a receipt in full at the time of taking such a check, the debt was novated, and that the creditor must be left to his action upon the check against the agent, defendants being discharged. The transaction, it is urged, is analogous to the taking of a bill or note from a third party, in payment of a pre-existing bill or note.

We think, however, that a reference to familiar authorities will show that no such analogy exists. A creditor for goods sold, or (as in the case at bar) for services rendered, does not stand in the same relation towards his debtor, as that which exists between the holder of a bill of exchange and the drawer or endorsers thereof. The obligations of the latter are conditional, as is also that of an endorser upon a promissory note; they are not primarily bound upon the bill, their obligation is to pay only in a contingency. The obligation of the defendants is absolute until it is discharged.

In reference to this point, Mr. Chitty remarks: "If a creditor, on *any other account than a bill of exchange*, is offered cash in payment of his debt, or a check upon a banker from an agent of his debtor, and prefer the latter, this does not discharge the debtor if the check is dishonored, although the agent fails with a balance of his principal in his hands to a much greater amount." See Chitty on Bills, chap. 9, edition of 1833, p. 433, 434; so also Lord Eldon in exparte Blackburn, 10th Vesey, 506. "In a sale of goods, the law implies a contract that those goods shall be paid for. It is competent for the parties to agree that the payment shall be by a particular bill. In this instance, it would be extremely difficult to persuade a jury under the direction of a Judge, to say an agreement to pay by bills, was satisfied by giving bills, whether good or bad."

"Checks," says Mr. Chitty, "on account of their being payable on demand, are considered as cash, whether payable to order or to bearer; but if presented in due time, and dishonored, they will not amount to payment." In this case, the plaintiffs have done precisely what their debtors told them to do: they applied to their debtors' agents for payment, as a substitute for which they were given a check which, on due presentment, was dishonored. There was no laches on their part. All due and legal diligence was used. To say that under such circumstances the original debt has been paid, would establish a doctrine

OCEAN TOWB'T Co *r.* SHIP OPHELIA. replete with danger in a commercial community where, from motives of safety and convenience, nearly all important transactions, involving the receipt and payment of money, are conducted through the instrumentality of bank checks.

It has been urged in argument, that the defendants are *charged* with the amount of the check by their own agents, in their account with them; but nothing in the evidence shows that the defendants have *settled* with their agents upon the assumption of any such payment, and the absence of any evidence in support of any such settlement, renders it extremely improbable that it was ever made.

After the dishonor of the check, the agents of the defendants could not either legally or in good conscience have made such a charge, and it is not to be presumed that, as between persons standing in a confidential relation to each other, such a demand was either made or recognized.

For a further illustration of this subject, a reference may be had to the following authorities: *Everett* v. *Collins,* 2d Campbell, 515; *Wyatt* v. *The Marquis of Waterford,* 3d East's Reports, 147; Story on Agency, § 433, 434, also 16th L. R., p. 475, and 11th Rob., 511.

It is ordered, that the judgment be affirmed.